IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

WHITE OAK GLOBAL ADVISORS, )
LLC, a Delaware limited liability company, )
                                           )
              Plaintiff, )
                                )
vs. )   No. CIV-17-756-C
                                )
TOMMY W. WEDER, SR., )
                                )
              Defendant. )

## MEMORANDUM OPINION AND ORDER

In August of 2011, Plaintiff entered into a loan agreement with Pistol Drilling, LLC ("Pistol"). Pistol defaulted on the loan and Plaintiff obtained a judgment against Pistol. The assets owned by Pistol related to the loan were sold and a deficiency resulted. Plaintiff filed the present action against Defendant, arguing that he was the alter ego of Pistol and therefore it should be allowed to collect the deficiency from him.

Defendant filed a Motion to Dismiss, raising claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The 12(b)(1) Motion argues that the Court lacks subject matter jurisdiction because Plaintiff has failed to identify the citizenship of each of its members. The 12(b)(6) Motion is premised on arguments that Plaintiff has failed to plead sufficient facts to support its claim for piercing the corporate veil and that Plaintiff's claims were not filed within the appropriate statute of limitations. Plaintiff filed a Response to the Motion to Dismiss and Defendant filed a Reply.

The Rule 12(b)(1) Motion is easily resolved. Plaintiff has now disclosed the citizenship of each of its members and Defendant concedes in his Reply that the Court has subject matter jurisdiction. Accordingly, that portion of Defendant's Motion will be denied.

As for the claim for piercing the corporate veil, Defendant argues that Plaintiff has failed to plead facts sufficient to state a cause of action under Oklahoma law. In its Complaint, Plaintiff argued that Pistol was organized and conducted in such a manner that it was simply an alter ego of Defendant. Plaintiff argues Oklahoma has recognized a disjunctive standard in veil-piercing claims, permitting a plaintiff to recover if it shows either that the separate corporate existence is a design or scheme to perpetrate a fraud, or that the corporation is organized and controlled its its affairs so that it is a mere instrumentality or alter ego of the shareholder. See King v. Modern Music Co., 2001 OK CIV APP 126, ¶ 16, 33 P.3d 947, 952. Defendant argues that this alternative option is available only when the underlying entity is a corporation. He argues that Oklahoma has never applied the alter ego portion of the veil-piercing theory when the underlying entity is an individual.

The Court is not persuaded that the distinction offered by Defendant is supported in Oklahoma law. Certainly, the cases cited by Defendant discuss only the "fraud" theory in support of piercing the corporate veil; however, the facts of those cases make clear that was the argument presented by the parties or relied upon by the lower court. No Oklahoma appellate court has ever relied on the analysis suggested by Defendant. Indeed, on many

2

occasions Oklahoma courts have permitted use of the alter ego theory in piercing the corporate veil when an individual was the alternative entity. See King, supra; Atkinson, Haskins, Nellis, Holeman, Phipps, Brittingham & Gladd v. Vector Sec., 2011 OK CIV APP 42, ¶ 24, 255 P.3d 453, 459; Okla. Oil & Gas Exploration Drilling Program 1983-A v. W.M.A. Corp., 1994 OK CIV APP 11, 877 P.2d 605, 609. Accordingly, this portion of Defendant's Motion to Dismiss will be denied.

Defendant argues that Plaintiff's claim is untimely because the date of breach was June 21, 2012, and that triggered the running of the statute of limitations. According to Defendant, because this action was filed more than five years after that date, it is barred by the limitations period. In response, Plaintiff asserts that under Oklahoma law a cause of action for breach of an installment payment agreement does not begin until either the lender declares its right to accelerate the whole debt due or the lender takes an affirmative act towards enforcing its right. Union Cent. Life Ins. Co. v. Adam, 1934 OK 693, 38 P.2d 26. In its Reply, Defendant does not dispute this law, but argues that the doctrine of judicial estoppel prevents Plaintiff from arguing that the default occurred on any date other than June 21, 2012.

The Court is not persuaded by Defendant's reliance upon judicial estoppel. The Tenth Circuit has provided a three-part analysis for application of the doctrine.

> First, a party's subsequent position must be "'clearly inconsistent'" with its former position. Id. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, "so that judicial acceptance of an inconsistent position in a later proceeding would create the *perception* that either the first or the second court was

misled[.]" Id. (emphasis added) (internal quotations omitted). Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped. Id. Eastman v. Union Pac. R. Co., 493 F.3d 1151, 1156 (10th Cir. 2007) (quoting New Hampshire v. Maine, 532 U.S. 742, 749-51 (2001)). Even assuming that Plaintiff made representations in the earlier case that are "clearly inconsistent" with its current position, Defendant cannot demonstrate the second two factors weigh in his favor. The date of the breach was not a decisive factor in the earlier litigation. Plaintiff's Second Amended Complaint asserted:

> 20. Each of the Pistol Companies has breached its obligations under the Agreement and the related documents, and, as a result, an event of default has occurred and continues under the Loan Agreement.

(CIV-13-280, Dkt. No. 144). The Defendants in the underlying case did not deny the breach, only that White Oak was the lender. See CIV-13-280, Dkt. No. 145. ¶ 20. Thus, any determination about the date of the breach in this litigation would not create the perception that the Court has been misled. Finally, permitting Plaintiff to, in this case, litigate the timing of the breach would not give it an unfair advantage. Accordingly, the Court declines to apply the doctrine of judicial estoppel. Therefore, the limitations period did not begin on June 21, 2012, as suggested by Defendant, but at the time the underlying action was filed, March 21, 2013. Because the present action was filed within five years of that date, it was timely commenced.

For the reasons set forth herein, Defendant Tommy W. Weder, Sr.'s Motion to Dismiss the Complaint (Dkt. No. 8) is DENIED.

IT IS SO ORDERED this 16th day of October, 2017.

ROBIN J. CAUTHRON
United States District Judge